RECEIVED
JAN 02 2025
US DISTRICT COURT
MID DIST TENN

# DISCIPLINARY APPEAL
# FIGHTING: CLASS B
# INCIDENT DATE: 07/29/24
# INCIDENT # 001635580



### TENNESSEE DEPARTMENT OF CORRECTION
# DISCIPLINARY REPORT APPEAL

APPEAL TO:  WARDEN/ SUPER- INTENDENT ☐  COMMISSIONER ☐  (Check One)

TDOC ID: 238941

NAME (LAST) (14 characters): Hall
FIRST (10 characters): Jon
MI: D

INMATE ADVISOR
TDOC ID: N/A

NAME (LAST) (14 characters): N/A
FIRST (10 characters): N/A
MI: N/A

DATE OF APPEAL
MO: 12  DAY: 16  YEAR: 24

(INFORMATION ONLY) – DOCUMENT NUMBER
001635580

Institution of Confinement: Riverbend Maximum Security Institution

Grounds for Appeal  This is a case in which the new disciplinary chairperson, Sergeant, Amber Govan, was not properly trained in the capacity of an administrative law judge as demonstrated by her actions and did not conduct her disciplinary proceedings on incident # 1635580 in a fair and impartial manner, as required by TDOC Ploicy 502.01, § V. resulting in errors that caused substantial prejudice in the disposition of the case, based upon a write-up that was riddled with errors on the face of the write-up regarding the incident date, and warrants dismissal under TDOC Policy 502.01, § VI. L. (c) (Page 11 of 36). Because there was no advisor present, and Sergeant Govan, failed to contact Mr. Hall's guardian ad litem, (5) days before any disciplinary proceedings were initiated pursuant to the consent decree made with the interim commissioner of correction, and still in force and full effect, as shown by grievance. In support of this appeal the prisoner Jon Hall will show forth the following:

1. Mr. Hall timely grieved the fact that Sergeant Govan refused to timely provide the CR-1834 Forms within (5) working days as per TDOC Policy 502.01§ VI. L. n., at (Page 15 of 36) See: e.g. Grievance # 24-0323/00368708, that grieved Sgt. Govan's disciplinary hearing conduct that stated the following: "After 08/20/24 meeting sergeant Govan (Disciplinary chairperson) refuses to provide me with my timely records required by TDOC policy 502.01, § VI. L. n. (Page 15 of 36); Because, she failed to follow Wolff, 94 S.CT. 2963, 2983 n. 20 (1974) mandated procedures in accordance to CR-1834 Forms."

Note: Use a separate copy of form for appeal to warden and to commissioner

(use next page if additional space is needed)

Inmate Name: Jon Hall
Date: 12/16/24

CR-1833 (Rev. 01-22)
Page 1 of 2 Pages

*Duplicate as Needed*
Original-Institution

RDA – 11085



**TENNESSEE DEPARTMENT OF CORRECTION**

**D I S C I P L I N A R Y   C O N T I N U A T I O N**

DATE: _12/16/24_                    DISCIPLINARY NUMBER: _001 635580_

NAME (LAST) (14 characters)          FIRST (10 characters)       MI

_Hall_                               _Jon_                       _D·_

TDOC ID: _238941_

ATTACH TO: _____ BIO1DO26    __X__ CR-1833    _____ CR-1834

2. The requeseted solution was: Remove Sergeant Govan from her new assignment, because she has obviously not been trained in that position. Unit Manager S.C. Burnette has sent her e-mails for my records and so has Sgt. Evans, and she failed to give reason of conviction.

~~3. The grievance was dated August 30, 2024 and the time to provide the CR-1834 forms was within (5) working days after the conclusion of the hearing, in which the hearing officer shall render a CR-1834 as follows and shall enter all appropriate information on Disciplinary (LIBK) and Disciplinary decision (LIBL), had aleady expired. Thus, this process could not be timely entered and was not provided to Mr. Hall for filling out any timely appeal that caused the interference and cover-up in the investigation through the mandated natural timely appeal procedure as set forth above. This prejudiced the entire procedure, because Sergeant Govan did not want to follow the consent decree and with deliberate indifference failed to contact Mr. Hall's guardian ad litem to witness her administrative proceedings, upon which it can reasonably be inferred that this was to frustrate the investigation into Hall's retaliation claim Heinrich 62 F.Supp.2d 282, (Mass. 1999) (Government officials intentional concealment of evidence crucial to judicial redress, in order to frustrate the right and reduce the liklihood of obtaining redress); and Adkins v. Wolever, 554 F.3d 650 (6th Cir. 2009) (spoliation of evidence sanctions).~~

4. Although warden Kenneth Nelsen agreed with Corporal Ward's grievance on October 16, 2024, that response was not upheld by the Assistant commissioner of Prisons, Mr. Benjamin bean, that marked the enclosed supporting grievance # 24-0323/00368708 by concluding: "Does not concur. The Commissioner's asssistant Benjamin Bean response also said: "Please ensure that John Hall # 238941 receives his documentation to file his disciplinary appeal."

5. The grievance also had supporting documentation ~~that show on page [33] that Federal U.S. District Court Judge Aleta A. Trauger signed an "agreed order " marked as Document 160, PageID # 1928 that states in pertinent part: "The disciplinary board hearing held on August 9, 2024, did not comply with the requirements of the settlement agreement of March 35, 2022. As a result, Plaintiff (Jon Hall) shall be returned to program level A immediately and will not be further charged for the July 2024 infraction."~~

6. On Page [34] of that same grievance is a copy of ~~Jon Hall's disciplinary history~~ signed by Unit 2 Counselor FNU/ S. Williamson CC3 dated 10/24/24, ~~with the incident date 07/31/24, with the incident date 07/31/24, "Disciplinary class B - Fig Fighting," in contemptuous disobedience to the October 1, 2024 "Agreed Order." (Document 160, PageID # 1928)~~

_[signature]_                                    _12/16/24_
Signature of Reporting Employee                      Date

_Jon Hall_                                        _12/16/24_
Inmate Signature                                     Date

CR-1831 (Rev. 01-22)          White-Institutional File     Canary & Pink-Inmate          RDA – 11085



**TENNESSEE DEPARTMENT OF CORRECTION**

D I S C I P L I N A R Y   C O N T I N U A T I O N

DATE: 12/16/24

DISCIPLINARY NUMBER: 001635580

NAME (LAST) (14 characters)
Hall

FIRST (10 characters)
Jon

MI
D

TDOC ID: 238941

ATTACH TO: _____ BIO1DO26 ___X___ CR-1833 _____ CR-1834

7. The grievance # 24-0323/00368708 shows what the "Agreed order" is all about, i.e. "Motion for Emergency Status Conference" on pages [8-20], which provides exhibits and clearly states on page [10], § 1 (4) in pertinent part: "Yet, TDOC inexplicably has put Mr. Hall in restrictive custody for six months.3 See; August 27, 2024 email from TDOC's counsel, attached hereto as Exhibit B at Page [17].

8. When you look at the body of the served write-up on Pages [24-26], that only provides notice of the disciplinary incident report 1635580 regarding the notice of the pending disciplinary. You will notice by looking at the dates, it was created August 9, 2024, and served on August 11, 2024. That was plenty of actual knowledge to contact the guardian ad litem before the breach of the consent decree occurred. In other words, any claim that the disciplinary hearing on August 9, 2024, would be a legal impossibility due to the violation of the 24 hour due process notice requirement of pending charges. In short, document 160, needs to be amended to state that the disciplinary hearing that Sergeant Govan held was August 20, 2024, not August 9, 2024. But the record clearly shows that it is for the July 2024 disciplinary infraction for fighting.

9. What the body of the served write-up for fighting incident # 01635580 shows at page [25] of the grievance is, the knowing and deliberate breach of the March 25, 2022 settlement agreement entered at document 123-1, PageID 1332. Because the body of the served write-up at page [25] clearly shows that when it was served on August 11, 2024, Mr. Hall provided Sergeant Govan **actual notice** of the enforceable consent decree and Hall's interests by stating: "I want TDOC confirmation of contacting my guardian ad litem, as per settlement agreement document 123-2, Hall v. Trump, 3:19-cv-00628 w/in 5 days." See; grievance # 24-0323/00368708 at page [25], attached to document 161 (Motion to Alter and Amend Judgmenet).

10. Now the face of the record not only shows of the **deliberate breach of the consent decree by Sergeant Govan**, it further shows, the **administrations failure to correct Mr. Hall's disciplinary history** in accordance to the October 1, 2024 "Agreed Order," that states in pertinent part: "As a result, plaintiff (Jon Hall) shall be returned to program level A immediately and will not be **further charged** for the July 2024 infraction." See; supra fact 6, referring to grievance # 24-0323/00368708 at page [34], showing more contempt and **willful disobedience** to the Federal Courts **"Agreed Order,"** located at page [33].

Signature of Reporting Employee: Dukas

Inmate Signature: Jon Hall

Date: 12/16/24

Date: 12/16/24

CR-1831 (Rev. 01-22)    White-Institutional File    Canary & Pink-Inmate    RDA – 11085



# TENNESSEE DEPARTMENT OF CORRECTION
## DISCIPLINARY CONTINUATION

DATE: 12/16/24

DISCIPLINARY NUMBER: 0016355580

NAME (LAST) (14 characters)
Hall

FIRST (10 characters)
Jon

MI
D

TDOC ID: 238941

ATTACH TO: _____ BIO1DO26 ___X___ CR-1833 _____ CR-1834

11. TDOC / RMSI high managerial agents have failed to intervene into a disciplinary action that resulted in the wrongful placement of a prisoner in solitary confinement / restrictive confinement living conditions, without following the mandates of TDOC Policy 502.01, which cites Wolff, 94 S.Ct. 2963 (1974), on the policy under § I. (Authority) where the prisoner was wrongly subjected to this abuse of process again, in which the subject of the underlying consent decree was the conditions of confinement, an agreement was made not to take any disciplinary action until the TDOC / RMSI defendants contacted Mr. Hall's guardian ad litem, and now are found to be in contempt of the original consent decree. A procedure designed to protect the prisoner from abuse of force, and the defendants and their agents circumvented Mr. Hall's rights and done it again out of spite.

12. Here, RMSI defendant's tried Mr. Hall in absentia without any advisor, and then Sergeant Govan precluded Mr. Hall from having the necessary CR-1834 forms needed to exhaust his administrative remedies until after the Assistant Commissioner of Prisons Benjamin, reversed the Warden's findings and filed a response to grievance # 24-0323/00368708 on November 14, 2024, when the process began on July 31, 2024. This drawn out process is adverse action to interfere into the administrative process, when the defendant's personnel created a situation by placing an inmate in danger, with the designed affect to conceal evidence of a meritorious claim. To chill the exercise of protected speech and frustrate judicial redress by ignoring the acts of retaliation to deny the right to exercise legal action against defendants. See: Thaddeus-X v. Blatter, 175 F.3d 378 (6th Cir. 1999).

13. The merits of this disciplinary action here shows that Sergeant Govan, at every stage of these proceedings denied Mr. Hall a hearing with the aid of his guardian ad litem (just for asking for his guardian ad litem- there was no irate behavior), and tried him in absentia. Then, Sergeant Govan refused to explain her conduct for the reasons supporting the disciplinary action. Mr. Hall did not plead guilty and sign sign a CR-3171 waiver form, and any record that he did would be a forgery of Mr. Hall's signature. If she tries to say Lakesha Robinson's signature on the CR-3171 form located at grievance page [16], is a SIGNED WAIVER, that would constitute an act of conspiracy to violate Hall's rights, in violation of Tennessee Penal codes under T.C.A. § 39-12-103, and will result in action under Title 42 U.S.C. § 1985, against both parties. See: e.g. grievance # 24-0323/00368708 at page [16].

14. Sergeant Govan's reliance upon Jon Hall's written statement titled: "Necessary and Proper Encounter with Tony Carruther's # 139604" (two pages); to support her claim as to Hall's pleading guilty is clearly mistatement of law; and shows her lack of being an impartial judg by the lack of consideration of the statutory: duress claim T.C.A. § 39-11-504, the necessity claim, T.C.A. § 39-11-609, and the self-defense claim under T.C.A. 39-11-611, which shifted the burden of persuasion, and symbolizes her ignorance of the law, which is no excuse, and the warden's failure to train. Moreover, there was no evidence presented to rebut the claim, (including videotaped evidence). See: Walters, WL 21714421 (Tn. 2003) (self-defense); and Davenport, 973 S.W.2d 283 (Tn.App. 1998) (Necessity).

Signature of Reporting Employee _____

Jon Hall
Inmate Signature

Date 12/16/24

Date 12/16/24

Date 12/16/24

Case 3:25-cv-00005    Document 1-2    Filed 01/02/25    Page 5 of 59 PageID #: 28

Ðukas   12/16/24

In conclusion, Jon Hall never plead guilty and signed CR-3171 waiver form. Thus, Sgt. Govan is a liar, in violation of TDOC Policy 502.01 § VI. D. 3. (Page 5 of 36). Mr. Hall was <u>not</u> tried "in absentia" by a class A disciplinary board; because the only signature on the CR-1834 forms is Sergeant Govan. See Grievance page [19]. Jon Hall only requested that his guardian ad litem be contacted, and Sgt. Govan told Hall on August 20, 2024 she was going to continue the hearing, and did not do it. If she tried Mr. Hall in absentia, then why didn't she provide Hall an advisor, to conform with TDOC Policy 502.01 L. 2. c (page 11 of 36)? Sgt. Govan failed to rebut Hall's self-defense claim and did not meet her burden of persuasion, and refused to timely file CR-1834 forms, that provides a meaningful explanation of guilt establishing her ignorance as an administrative law judge, which proves she was <u>not</u> properly trained. Moreover, she is responsible for breaching the original consent decree, and then failed to abide by the 10/1/24 agreed order. All the records are in and included after the grievance was reversed, and Sgt Govan is exposed as incompetent. The case <u>must</u> be dismissed for errors, as pronounced by Judge Aleta A. Trauger 10/1/24. Compare: e.g. TDOC Policy 502.01 V. & VI., L. 5. f (1) (Pages 18-19 of 36, effective date 3/1/22). Because, Jon Hall was not tried. Mike Rimmers affidavit was not placed in evidence for Hall's defense theory and shows Lt. Stevens failed to investigate. See: e.g. Mike Rimmer's affidavit.

**Enclosed herewith: 5 page appeal on 1833 forms; Grievance # 24-0323/00368708** (36) total pages; **Also enclosed herewith** CR-1834 forms, served write-up, continuances, and statement received 12/10/24 via Sgt. Evans - witness C/O Cothron marked as CR-1834 forms etc. **(15) pages.**   _Submitted_ 12/16/24

---

**Remainder of form to be completed by warden or commissioner**

Disposition of Appeal
Conviction Affirmed _____     Punishment Reduced _____

Case Remanded to Board _____     Charges Dismissed _____

Reason(s) for Disposition _____
_____
_____
_____
_____

Instructions to Board on remand or description of reduced punishment:: _____
_____
_____
_____

_____                _____
Date                            Signature of Warden or Commissioner

# DISCIPLINARY APPEAL SUPPORTING RECORDS CR-1834 FORMS CONTINUANCES STATEMENTS ETCETERAS

TENNESSEE DEPARTMENT OF CORRECTION
DISCIPLINARY REPORT HEARING SUMMARY

| RMSI | 1635580 |
|---|---|
| INSTUTION(Tomis Site ID) | Disciplinary Incident Number |

| OFFENDER NUMBER: | 238941 | FIGHTING |
|---|---|---|

| INMATE NAME (LAST) (14 characters) | FIRST (10 characters) | MI |
|---|---|---|
| HALL | JOHN | |

ADVISOR NUMBER:

| INMATE ADVISOR NAME (LAST) (14 characters) | FIRST (10 characters) | MI |
|---|---|---|

| DATE OF HEARING | | | | PLACE OF HEARING INSTITUTION | INMATE'S PLEA | |
|---|---|---|---|---|---|---|
| MO | DAY | YEAR | TIME | RMSI | GUILTY-Y | NOT GUILTY-N |
| | | | | | Y | |

### COMMITTEE DECISION

| GUILTY-Y | NOT GUILTY-N | APPEALED-Y | NOT APPEALED-N |
|---|---|---|---|
| GUILTY | | UNKNOWN | |

| DISCIPLINARY ACTION DATE (MONTH,DATE,YEAR) | CLASS OF INFRACTION (A,B,or C) | PROBATION END DATE (MONTH,DATE,YEAR) |
|---|---|---|
| | | |

| ENTERED BY | SGT GOVAN | DATE | VERIFIED BY | DATE |
|---|---|---|---|---|

PRELIMINARY INQUIRY

**1 WAIVERS**

a. I agree to waive the right to 24-hour notice. ☐ Yes ☒ No
INMATE PLED GUILTY AND SIGNED CR-3171     238941
Inmate Signature     Number     Date

b. I agree to waive the right to the reporting offical present. ☐ Yes ☒ No
INMATE PLED GUILTY AND SIGNED CR-3171     238941
Inmate Signature     Number     Date

c. I agree to waive the right to call witness(es) on my behalf. ☐ Yes ☒ No
INMATE PLED GUILTY AND SIGNED CR-3171     238941
Inmate Signature     Number     Date

**2 CONTINUANCE**

a. Was case previously continued? ☐ Yes ☐ No
b. If yes, when and at whose request?

**3 CUSTODY PENDING HEARING**

a. Was inmate held in segregation/more restrictive setting pending hearing? ☒ Yes ☐ No
b. If yes, when was he placed in segregation?

**4** When was inmate given offense citation?

**5** Is inmate represented by inmate advisor? ☐ Yes ☒ No   Staff advisor ☐ Yes ☒ No

**6** Has inmate or inmates advisor had adequate time to prepare defense? ☒ Yes ☐ No

CR-1834 (Rev. 11-10)     White-Institution     Canary-Institution    Pink-Inmate     RDA-11085
Page 1 of 2 Pages

| RMSI | | 1635580 |
|---|---|---|
| INSTITUTION (TOMIS SITE ID) | | DISCIPLINARY INCIDENT NUMBER |

OFFENDER NAME: HALL, JOHN    TDOC NUMBER: 238941

HEARING

fully understand that by entering a plea of guilty to the aforementioned charge(s), I am waiving my right to call witness(es) and present evidence on my behalf, must accept whatever punishment is imposed, and will not be allowed to appeal.

| _____ | _____ | _____ |
|---|---|---|
| Inmate Signature | Number | Date |

**Witness(es)for Offender**                    **Witness(es) Against Offender**

Written Statement(s) submitted: [X] Yes [ ] No

Written Statement(s) submitted: [X] Yes [ ] No
Form CR3510 completed: [ ] Yes [X] No
Form CR3510 received by disciplinary board [ ] Yes [X] No

OTHERS PRESENT:

STATEMENT OF ACCUSED: INMATE PLED GUILTY AND SIGNED CR3171

DESCRIPTION OF PHYSICAL EVIDENCE INTRODUCED (Attach all test results)    BODY OF DISCIPLINARY
INTERNAL AFFAIRS REPORT AVAILABLE: [ ] Yes [X] No

FINDINGS OF FACT AND SPECIFIC EVIDENCE RELIED UPON TO SUPPORT THOSE FINDINGS

DISPOSITION AND A STATEMENT OF REASONS WHICH SUPPORTS THAT DECISION: INMATE IS THUS FOUND
GUILTY OF A CLASS B/$4 FINE/WRITTEN WRNG
0

RECOMMENDATION OF LOSS OF:

| Good/Honor Time [ ] | Good Conduct [ ] | (Amount) _____ |
|---|---|---|
| Incentive Time [ ] | Prisoner Performance Sentence Credits (PPSC) [ ] | (Amount) _____ |
| Prisoner Sentence Reduction Credits (PSRC) [ ] | | (Amount) _____ |

_____    8-20-24
Disciplinary Board Chairperson/ Hearing Officer Signature    Date

_____    _____
Member    Date

_____    _____
Member    Date

```
OFFENDER NAME:  HALL, JOHN
TOMIS ID:  00238941
INSTITUTION NAME:  RIVERBEND MAXIMUM SECURITY INSTITUTION
UNIT ID:  2B1
CELL ID:  02

INCIDENT
    INCIDENT ID:  01635580
        INCIDENT DATE:  07/31/2024               INCIDENT TIME:  12:13:00
        INCIDENT TYPE:  FIGHTING
        DISCIPLINARY CLASS:
        INFRACTION TYPE:  FIGHTING
        WEAPON USED:  NO WEAPON
        VIOLENCE COMMITTED:  PHYSICAL, NO WEAPONS
        PREPARED BY STAFF ID:  STEVCH03
        REPORTED BY STAFF ID:  STEVCH03

WITNESSES/VICTIMS/PERSONS INVOLVED
    PERSON ID:  STEVCH03
        PERSON TYPE:  S
        INJURED (Y/N):  N
    PERSON ID:  00139604
        PERSON TYPE:  O
        INJURED (Y/N):  N
    PERSON ID:  00238941
        PERSON TYPE:  O
        INJURED (Y/N):  N
```

24

Se 7f
19 5 4



TOMIS ID:  00238941        INCIDENT ID:  01635580
OFFENDER NAME:  HALL, JOHN

DESCRIPTION:
UPON FURTHER REVIEW OF THE VALERUS CAMERA SYSTEM, IT WAS CONFIRMED ON
JULY 29, 2024, AT 1213 PM THAT INMATE JOHN HALL #238941 ASSIGNED TO
UNIT 2, ALPHA POD, CELL 210 AND TONY CARRUTHERS #139604 ASSIGNED TO
UNIT 2, ALPHA POD, CELL 205 WERE OBSERVED FIGHTING ON THE TOP TIER OF
UNIT 2, ALPHA POD. ACCIDENT / INJURY / TRAUMA (AIT) REPORT WAS
COMPLETED BY LICENSED PRACTICAL NURSE (LPN) MOLLY TROTTER. INMATES
HALL AND CARRUTHERS ARE CHARGED WITH FIGHTING. REVIEWED AND APPROVED
BY CAPTAIN ROBERT MOSLEY. *I want Investigation Report on OSM system*

PREPARED BY STAFF ID:  STEVCH03  STEVENS, CHARLES
REPORTED BY STAFF ID:  STEVCH03  STEVENS, CHARLES

I HAVE BEEN GIVEN A COPY OF THIS REPORT AND HAVE BEEN TOLD ABOUT MY LIMITED
RIGHT TO REMAIN SILENT AND TO BE REPRESENTED BY AN OFFENDER ADVISOR.

_John Hall_　　　　　　　　_8/11/24_　　　　_7:54_
OFFENDER SIGNATURE　　　　　DATE/TIME
HALL, JOHN　　　　　　　　　　00238941

OFFENDER WAS GIVEN COPY OF REPORT AND ADVISED OF RIGHTS BUT REFUSED TO
SIGN REPORT.

_D. A. Slaurin cp_　　　　　_8-11-24  1954_
EMPLOYEE INITIALS, IF REPORTING　DATE/TIME
EMPLOYEE; OTHERWISE, FULL NAME.

See Attached: Necessary and Proper
　　　　　　　　Encounter with Tony Carruthers #139604
　　　　　　　　Two pages.

Note: I was Not provided with Notice of an extended
Pending Investigation. pursuant to TDOC Policy 502.01.

① I want records of the Offender Mgmt System.

② I want a videotape of U-2-A-208 of the
incident while under Surveillance

③ I want TDOC confirmation of contacting
My Guardian Ad litem, as per Settlement Agreement
Doc 123-1 Hall v. Trump, 3:19-cv-00628 w/in 5 days.

25



TOMIS ID:  00238941      INCIDENT ID:  01635580
OFFENDER NAME:  HALL, JOHN

_STEVCH03_                           _8/9/24_
REPORTING OFFICIAL                    DATE/TIME

_STEVCH03_                           _8/9/24_
PREPARED BY                           DATE/TIME

_Robert Molk_                        _8/9/24  1520_
REVIEWING DESIGNATED SUPERVISOR       DATE/TIME

IF PLACED IN SEGREGATION:


_____      _____
SENIOR SECURITY OFFICER               DATE/TIME


_____      _____
WARDEN (SEGREGATION PENDING INVESTIGATION)   DATE/TIME

NECESSARY AND TRUE

# Encounter with Tony Carruthers 139604 (Page 1 of 2)

Around Breakfast time on July 9, 2024, Tony Carruthers I/m #189604 squared off to Fight with Henry Jones #455048 (After he puffed up his chest and did a penguin stroll towards him). Tony Carruthers backed-up OFF H.J. or Miani, when Miani said I'm not afraid to take care of Business or words to that effect, and they chickened out. Note: Miani has a lawsuit against TDOC/RMSI Administration Henry Jones v. Tony Mays et. al., 3:21-cv-00066, I supported his pleadings with my Affidavit.

On July 22, 2024, I filed a grievance against Mailroom personnel for not handling my mail and providing me with a UPS tracking Number, after going through U-Mgr. S.C. Burnette, to get an answer to my I/m request form about it.

On July 29, 2024, I asked Ms. Wilson about the status of my Grievance = She E-mailed Cpl. Ward regarding the subject, and later informed me that Mr. Burnette was filing a response to my denial of Equal treatment regarding Mail service by Ms. Hodge. Around Brunch/Noon time I attempted to go to my cell on A-210, by way of steps starting on A-201, and passing by Tony Carruthers cell, where he was standing at the Rail and had the phone on his cell door leaving an 18-20 inch pathway. After I passed him he started hollering I touched his Ass, and he was sick and tired of White boys shit or words to that affect (showing symptoms of the Psychiatric effects of Solitary confinement). I was at A-208 and saw Tony coming at me with the entering Same stroll he approached Henry Jones on July 9, 2024. He got in my Face and grabbed my sweat-shirt and swung at me as I pushed him without Provocation out-of-the-way, after being struck in the top of my head leaving no marks. As he went down he tried to pull my sweatshirt over my head and I righted my balance and shed my sweatshirt, as he lay in a Fetal position with the Wall, where I was fixing to put the Hammer to him (Figure of speech only) when I ~~tried~~ stopped For Bat-man or Greg Robinson #167488 (Continued)

— NO SECURITY GUARD PRESENT —

Encounter with Tony Carruthers #139604 (Page 2 of 2)

In conclusion, all my actions were justified
based upon a reasonable belief and duress of Dealing

(1) with all person whom I know has been held in
Solitary Confinement for at least the last ten years
of my knowledge of him, that's got a public Record
associating himself with the Vicelords Street Gang in
Memphis, Tennessee. Carruthers 35 SW3d 516 (TN 2000)
and passes out literature with Tony Von Carruthers
E-Mail address: 333moneyhouse@yahoo.com, allegedly
Run by his Sister who has 201 Popular Memphis County
or Shelby County Jail Ties, with TDOC employees
through her Job (that I heard she worked for and
probably still does, making the casual connection
of Ties with RMSI Mailroom personnel through
RMSI intake), who are Subject to Elite
Deviance practices of Retaliation T.C.A. § 39-16-510
See. e.g. T.C.A. § 39-11-611 (a); T.C.A. 39-11-504;
and T.C.A. § 39-11-609. Res ipsa loquitor

| | |
|---|---|
| (Innocent victim) | I was in fear of my Safety. ~Jon Hall~ |
| ✱Veracity: | Tony's False claim I touched His Ass is Delusional thinking. |
| He's the only | Note: It is my opinion that I/M Tony Carruthers (Initial Aggressor) |
| sexual Predator! | is suffering from the years of Un-treated |
| No evidence... | Psychiatric Effects of Solitary Confinement. |
| shu 16:13 | See e.g. Hall v. Trump et.al., 3:19-cv-00628 |
| | D.E. 9-1, Page D 224-252 (Brief of Amici Curiae |
| CA§41-21-407 | Professors and Practitioners of Psychiatry and Psychology in |
| Veracity Character! honesty integrity | support of Plaintiffs - Appellees and Affirmance.) |

He came at me...
The U-2 video Surveillance
of A-Pod @ 208
7/29/24 Speaks for itself.

Long v. State,
607 SW2d @ 485-87

NOTICE! Tony Carruthers 1995 Rape Case Prosecuted by Atty General
John Wheeler Campbell in the 30th Judicial District Court in Memphis
Tenn. #Q-25948 is admissible to consider Veracity for Rice Rad etc.



# TENNESSEE DEPARTMENT OF CORRECTION
## D I S C I P L I N A R Y  C O N T I N U A T I O N

DATE: 8-10-2024          DISCIPLINARY NUMBER: 1635580

NAME (LAST) (14 characters)          FIRST (10 characters)          MI

HALL          JOHN

TDOC ID: 00238941

ATTACH TO: _____ BIO1DO26 _____ CR-1833  X  CR-1834

OFFENDER WAS HELD IN ABSENTIA FOR HIS UNWILLINGNESS TO PARTICIPATE IN HIS HEARING.
HE WAS FOUND GUILTY BY A CLASS(A) DISCIPLINARY BOARD DUE TO THE PREPONDERANCE
OF EVIDENCE.

_____          _____
Signature of Reporting Employee                    Date

_____          _____
Inmate Signature                                    Date

CR-1831 (Rev. 01-22)          White-Institutional File     Canary & Pink-Inmate          RDA -- 11085

15





TENNESSEE DEPARTMENT OF CORRECTION
D I S C I P L I N A R Y   C O N T I N U A T I O N

DATE:                8/10/2024                DISCIPLINARY NUMBER:                1635580

NAME (Last) (14 characters)                FIRST (10 characters)                MI

HALL                                JOHN

OFFENDER NUMBER:                238941

ATTACH TO:                BIO1DO26                CR-1833        X        CR-1834

DUE TO INMATE HALL'S IRATE AND UNSATISFACORTY BEHAVIOR, HIS HEARING WAS NOT ABLE TO BE HELD IN FULL CAPACITY
AND HE WAS IMMEDIATELY ESCORTED BACK TO HIS CELL. THE A BOARD MEMBERS DELIBARATED IN HIS ABSENSE.
END OF REPORT

_____                August 10, 2024
Signature of Reporting Employee                                Date

_____                _____
Inmate Signature                                Date

CR-1831 (01-22)                White-Institutional File                Canary & Pink-Inmate                RDA - 11085

 Department of
**Correction**

TENNESSEE DEPARTMENT OF CORRECTIONS
AGREEMENT TO PLEAD GUILTY
AND
WAIVER OF DISCIPLINARY HEARING AND DUE PROCESS RIGHTS

β/05
2A2/02

Inmate Name: _____ HALL  JOHN _____ TDOC Number: _____ 238941 _____

Having been in violation of the rules as follows:

Disciplinary Docket Number: _____ 1635580 _____

Offenses and Category: _____ FIGHTING _____

CLASS C

~~30 DAYS PUNITIVE~~ *time served / verbal warning*

*Guilty plea Board  8·20·24*

I admit I violated the above listed rule(s) and agree to plead guilty and accept whatever punishment the disciplinary board may impose. In making this agreement, I understand that I am waiving the following rights:

1  The right to personally appear before the disciplinary board.
2  The right to plead not guilty and to have the case against me proven by a preponderance of evidence.
3  The right to present my own version of the facts.
4  The right to call witnesses in my own behalf.

I am signing this agreement of my own free will and under no threat or coercion to do so. I understand that by signing this agreement, I must accept whatever punishment the disciplinary board may impose and will not be allowed to appeal.

_____
Inmate Signature

_____
Staff Witness

_____
Disciplinary Board Chairperson

_____
Date
8·20·24

_____
Date

_____
Date
8-20-24

CR-3171(08/01)                    Duplicate as Needed                    RDA-1167

Menu    Favorites    Tools    Other Applications    Reports    Help    PROD (LIBK)

## *Disciplinary*

 

Links🔲  Suspend ☐

TOMIS ID  | 00238941 |  Hall, John                    Status  ACTV   Location  RMSI

Reset key fields

Refresh

| Incident Date | Incident ID | Disc Class | First Infraction Type |
|---|---|---|---|
| 07/31/2024 | 01635580 | | FIG FIGHTING |
| 04/30/2020 | 01439937 | B | DSP DESTROYING STATE PROPERTY |
| 04/29/2020 | 01439791 | B | DFN **DEFIANCE |
| 01/13/2020 | 01422676 | B | DFN **DEFIANCE |
| 01/13/2020 | 01422681 | B | DSP DESTROYING STATE PROPERTY |
| 12/27/2019 | 01420187 | B | DFN **DEFIANCE |
| 11/26/2019 | 01415988 | B | CON CONTRABAND |
| 11/26/2019 | 01415990 | A | PDW POSSESSION OF DEADLY WEAP |
| 10/30/2018 | 01355928 | B | CON CONTRABAND |

Enter

Search  [          ]

FastPath
[        ]  Go

        **Top Of List**

**State of Tennessee**

) S/S Affidavit of Michael D. Rimmer

**County of Davidson**

To whom it may concern, this is my Affidavit

**I am a witness**, to the event in question that occurred on July 29, 2024. Involving Tony Carruthers and Jon Hall

**My Address is:** Riverbend Maximum Security Institution Unit 2-A-211; 7475 Cockrill Bend Blvd.; Nashville, TN. 37209-1048.

**This is my statement:** about what happened, when I saw, overheard, or other wise know about the following incident in question by saying: "This is a true and correct account of this event based on my personal knowledge of who did what, where, to whom, how and why." This statement shows my knowledge of these relevant listed facts. My information is as stated as follows:

That on July 29, 2024, before afternoon yard call, I heard yelling outside or near my cell door. Which is Unit 2-A-211, so I looked out my door window and I saw Tony Carruthers yelling at Jon Hall in a threatening manner. Near the roll around phone. I then saw Tony Carruthers take a threatening stance and attack Jon Hall. Jon Hall attempted to protect himself as Tony Carruthers tried to pull Jon Hall's heavy sweatshirt over his head and beat him about the head area. I then saw another prisoner come up the stairs, I then came out of my cell to try and defuse the attack. But the other prisoner was successful in defusing the altercation. I know that Tony Carruthers was yelling racial slurs at Jon Hall, and this was not the only time this had occurred. In fact, all the white guys in unit 2 have experienced this from Tony Carruthers at one time or another, due to Tony Carruthers being obviously "mentally

ill." He had been locked down the entire time I've known him, until just recently. So its common knowledge that Tony Carruthers is "very mentally ill." Most of his arguments occur from him trying to hold the phone and not wanting to let anyone else use it. Despite the fact that he is not actually using it the majority of the time. When this incident occurred. There was no officer in the pod, and nothing has ever been done to stop Tony Caruthers from playing with the phone, preventing others that actually need it, from using it. He still tries to hold the phone all day and the officers never do anything to stop this. All of the aforesaid can be seen on camera. Jon Hall was merely trying to defend himself from Tony Carruthers that's "very mentally ill" because the prison administration has done nothing to help this mentally ill man and has in fact added to his mental illness by keeping him locked in a cell for decades.

I _Michael Kimmer_ Declare under the penalty of perjury, that the foregoing information is true and correct, and based upon first hand knowledge." Carter v. Clark, 616 F.2d 228 (5th Cir.1980) **(28 U.S.C. 1746, declaration under penalty of perjury).**
**"Further deponent says not."**

On this 13th day of August 2024

## Self-Defense

Defense of self has long been accepted as justification for activities which might otherwise confer criminal liability. **Self-defense** is based on the recognition that a person has an inherent right to self-protection and that to reasonably defend one-self from unlawful attack is a "natural" response to threatening situations. Similarly, it can be argued that one who acts in self-defense lacks the requisite *mens rea* for the commission of a crime. That is, the person who kills an attacker does not have as his or her primary purpose the taking of a life—but rather the preservation of his or her own.

As a Law on the Books feature later in this section shows, Texas law reads: "A person is justified in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself against the other's use or attempted use of unlawful force." The wording of the Model Penal Code is similar. It reads: "The use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by such other persons on the present occasion."[9] A significant difference between the two, however, is the *reasonableness requirement* of the Texas law—a requirement also found in the laws of many other states. In judging the validity of a claim of self-defense, the Model Penal Code asks us to decide whether or not the defendant *subjectively* believed that the use of force was necessary; while Texas law judges the actor's decision *objectively*—that is, from the point of view of a reasonable person. The difference can be a crucial one.

As we shall see in Chapter 6, the requirement that the use of force in self-defense be reasonable mandates that the accused behave as a reasonable person would under the same circumstances. The concept of a **reasonable person** envisions a person who acts with common sense and who has the mental capacity of an average, normal, sensible human being. In judging any activity, the reasonable person criterion requires that the assumptions and ideas on which a defendant acted must have been objectively reasonable, in that the circumstances as they appeared to the defendant

**SELF-DEFENSE** Page 178
a defense to a criminal charge that is based on the recognition that a person has an inherent right to self-protection and that to reasonably defend oneself from unlawful attack is a "natural" response to threatening situations.

**REASONABLE PERSON**
a person who acts with common sense and who has the mental capacity of an average, normal, sensible human being. The reasonable person criterion requires that the assumptions and ideas on which a defendant acted must have been reasonable, in that the circumstances as they appeared to the defendant would have created the same beliefs in the mind of an ordinary person.

---

### CRIMINAL LAW IN THE NEWS

## Killing of Burglars May Be Ruled Self-Defense

#### N.C. Homeowner Shot Two Men in His Driveway

LENOIR, N.C.—Authorities say that a homeowner who shot two suspected burglars to death appears to have acted in self-defense.

Caldwell County District Attorney David Flaherty said today that no charges would likely be filed against Keith Nadeau, 44, for killing John Wesley Dula Jr., 36, and Danny Koonce Jr., 34. But he emphasized that no final decision has been made.

"Until we get the complete investigation done, we're not going to make that call," Flaherty said.

**Two burglaries in one day**
Nadeau and his wife, Linda, told investigators that they returned to their home near Collettsville Sunday afternoon and found a window broken and a television set and VCR missing, said Capt. Danny Barlow of the Caldwell County Sheriff's Department.

Several hours later, as they returned from a neighbor's house, they saw a red Geo pull into their driveway. Two men then got out and entered the house and came out with a microwave and another VCR.

Nadeau said he was in the driveway when the car came up, and he hid in the bushes, Barlow said. His wife told investigators that she was walking up the driveway with a flashlight that she shined on the car.

Nadeau then fired through an open car window, killing both men, Barlow said.

**Was safety at stake?**
Investigators have evidence that Koonce and Dula committed the first break-in, Barlow said, but the missing items have not been recovered.

Flaherty said the issue is whether Nadeau had reason to fear for his own safety in the confrontation.

*Source:* Frances Ann Burns, "Killing of Burglars May Be Ruled Self-Defense; N.C. Homeowner Shot Two Men in His Driveway," APB News. August 15, 2000. Reprinted with permission.

Once someone uses the term "reasonable person," it's awfully hard to define it.

—Richard J. Bartlett, former Dean, Albany Law School, Union University

**APPARENT DANGER**
that form of imminent danger that is said to exist when the conduct or activity of an attacker makes the threat of danger obvious.

When you are surrounded by four people; one of them smiling, taunting, demanding, terrorizing, you don't have a complete grasp or perfect vision.

—Bernhard Goetz (March 1985)

**REASONABLE FORCE**
a degree of force that is appropriate in a given situation and is not excessive. The minimum degree of force necessary to protect oneself, one's property, a third party, or the property of another in the face of a substantial threat.

**DEADLY FORCE**
force likely to cause death or great bodily harm.

would have created the same beliefs in the mind of an ordinary person. Hence, anyone motivated by special needs or driven by psychological forces not routinely present in the average person may find that the claim of self-defense would not be available to them in jurisdictions that impose the reasonableness requirement.

**Apparent danger** is another concept associated with self-defense. Apparent danger exists when the conduct or activity of an attacker makes the threat of danger obvious. Danger, for example, becomes apparent when a threatening individual draws a gun or a knife and approaches another person in a menacing fashion. The emphasis on "immediacy" and "present occasion" found in many state codes classifies forceful activities undertaken in self-defense as justifiable only when they occur within the context of a face-to-face encounter. Hence, while one who uses force to fight off an unlawful attack is justified in doing so, one who stalks and kills a potential attacker in a preemptive strike would be hard pressed to claim self-defense. Likewise, a person who "takes the law into their own hands" and exacts vengeance on a person who has previously victimized her, cannot be said to be acting in self-defense. In short, "the victim had it coming" is not a valid self-defense justification.

"Force," as the term is used within the context of self-defense, means physical force, and does not extend to emotional, psychological, economic, psychic, or other forms of coercion. A person who turns the tables on a robber and assaults him during the robbery attempt, for example, may be able to claim self-defense, while the business person who assaults a financial rival to prevent a hostile takeover of her company will have no such recourse.

Individuals may also protect themselves in the face of threats, where the threat implies that danger is present in a given situation even though the precise nature of that danger may not be immediately apparent. Situations involving present danger include circumstances where the threatened individual can anticipate the danger that he or she is about to face. So, for example, if a threatening individual says, "I am going to kill you!" and advances on another while reaching into his pocket, the threatened individual can reasonably assume that the attacker is reaching for a weapon and can act on that basis. Difficulties may arise, however, when defensive force is used on an attacker who may be incapable of carrying out the threat. Someone who says "I'm going to kill you," for example, while searching for lost keys to a locked gun cabinet would appear to represent a less immediate danger than one who has keys in hand. Most jurisdictions recognize, however, that a reasonable amount of force can be used to protect oneself in the face of threats that seem to clearly imply that the use of unlawful force is imminent.

The amount of force used by one who seeks to defend oneself from unlawful attack must be proportionate to the amount of force or perceived degree of threat that one is seeking to defend against. Hence, **reasonable force** is that degree of force that is appropriate in a given situation and is not excessive. Reasonable force can also be thought of as the minimum degree of force necessary to protect oneself, one's property, a third party, or the property of another in the face of a substantial threat.

**Deadly force,** the highest degree of force, is considered reasonable only when used to counter an immediate threat of death or great bodily harm. Deadly force cannot be used against nondeadly force. If a lesser degree of injury can be anticipated, or if a lesser degree of force affords an effective defense, it must be used. Similarly, once danger has been averted the use of force must cease. A person who overcomes an attacker, for example, leaving him incapable of further attack, is unjustified in then taking the attacker's life. Once a threat has been deterred it is improper for a person who has successfully defended himself to continue using force. Doing so effectively reverses the role of attacker and victim. So, for example, a person walking home alone at night might be accosted by a robber who beats him. If the would-be victim turns the tables on the robber by using a can of "pepper spray," which disables and temporarily blinds the robber, he would be unjustified if he then picked up a rock and smashed the skull of the incapacitated robber.

# DISCIPLINARY APPEAL SUPPORTING RECORDS GRIEVANCE #24-0323 / TOMIS # 00368708



# MEMO

Inmate Name: _John Hall_     TDOC Number: _238941_

Institution: _Morgan_     Housing Unit: _28/02_

Institution Grievance Number: _29-0343_     TOMIS Grievance Number: _168208_

Commissioner's Response:

Please ensure that John Hall #238941 receives his documentation to file his disciplinary appeal.

☐ Concur with Warden     ☐ Concur with Supervisor     ☑ Does not Concur

_11/19/2024_
Date

_For Lyn Thomas by Benjamin F. Bean_
Assistant Commissioner of Prisons

FS-1A

Department of Correction • 6th Floor Rachel Jackson Building • 320 Sixth Avenue North •
Nashville, TN 37243 • Tel: 615-253-8180 • Fax: 615-253-1668 • tn.gov/Correction

Case 3:25-cv-00005     Document 1-2     Filed 01/02/25     Page 24 of 59 PageID #: 47



**Department of**
**Correction**

| Hall, John | 238941 | RMSI - 2B102 | 24-0323/00368708 |
|---|---|---|---|
| NAME | NUMBER | INSTITUTION & UNIT | GRIEVANCE NUMBER |

Summary and Testimony Presented to Committee    **listed on the Hearing Minutes page, if applicable**

Inmate Grievance Committee's Response and Reasons   **No hearing was held. Grievance deemed inappropriate per TDOC Policy 501.01. Grievant stated an issue about being written up which is a disciplinary matter.**

__October 14, 2024__
Date                                        CHAIRMAN                                        MEMBER

MEMBER                                        MEMBER                                        MEMBER

Warden Response:        Agrees with Proposed Response.

Disagrees with Proposed Response

If Disagrees, Reasons for Disagreement

Action Taken:

DATE: _10/18/24_                WARDEN'S SIGNATURE: _____

Do you wish to appeal this response?    X    YES                NO   See enclosed Oct. 25, 2024 Rebuttal
If yes:        Sign, date, and return to chairman for processing. Grievant may attach supplemental clarification of
                issues or rebuttal/reaction to previous responses if so desired.   _10-25-24_

_Jon Hall_                        _October 25, 2024_                        _____
GRIEVANT                                DATE                                WITNESS

Commissioner's Response and Reason(s):

RECEIVED
OCT 2 0 2024

BY: _____
Prison Operations

RECEIVED
OCT 2 5 2024
GRIEVANCE OFFICE
RMSI

**TENNESSEE DEPARTMENT OF CORRECTION**

GRIEVANCE OFFICE
SEP 23 2024
RMSI

### INMATE GRIEVANCE

*Ongoing violation— Records were Due 5, Aug After RMSI See attached CR-3171 Form She provided as Guilt Determination that is Not Signed by Me or in my presence.*

Jon Hall                238941            RMSI U-Z-B-102
NAME        *After 8/28/24 Meeting*   NUMBER        INSTITUTION & UNIT

DESCRIPTION OF PROBLEM: *Sgt Govan (Disciplinary Chairperson) Refuses to provide me with My timely Records Required by TDOC Plicy 502.01 VI L N (Pg 15 of 36); because she failed to follow Wolff 94 S.Ct 2963, 2983 n 20 (1974) mandate Procedures, in accordance to CR-1834 Forms.*

REQUESTED SOLUTION: *Remove Sgt Govan From Her New assignment, because she has obviously Not been trained in that position. U-Mgr S.C Burnette has Sent her E-mails For my records and So has Sgt Evans, and she failed to give reasons of Conviction*

Jon Hall  *Crisenbery 7:50 AM*  ~~Officz.~~ *In Grievance BOX*
                                        *August 30, 2024*
Signature of Grievant                          Date

============================================================
### TO BE COMPLETED BY GRIEVANCE CLERK

24-0323/00368708          9/23/2024          Tram ONin
Grievance Number           Date Received       Signature Of Grievance Clerk

INMATE GRIEVANCE COMMITTEE'S RESPONSE DUE DATE: _____

AUTHORIZED EXTENSION: _____
                        New Due Date                    Signature of Grievant

============================================================
09/30/24        **INMATE GRIEVANCE RESPONSE**        RECEIVED
Summary of Supervisor's Response/Evidence: *See CR-3148*
                                                OCT 14 2024
                                              GRIEVANCE OFFICE
10/00/24                                          RMSI
Chairperson's Response and Reason(s): *Supervisor Response Acknowledged*

DATE: 10/01/24     CHAIRPERSON: _____

Do you wish to appeal this response? ✓ YES ____ NO  *See attached Rebuttal Response*
                                                        *Page 23*
If yes: Sign, date, and return to chairman for processing within five (5) days of receipt of first-level response.

10/07/24  Jon Hall          Oct. 7 2024          Donald W _____ 10/14/24
          GRIEVANT              DATE                  WITNESS

*Heinrich 62 F.Supp. 2d 282, 315 (1999) (Access violated when officials intentionally conceal)*
Distribution Upon Final Resolution: *information crucial to Judicial Redress to Frustrate Relief.*
*TCA § 27-7-101 et Seq, Turner, 493 SW2d @ 78 (Tn App 1999)*
White - Inmate Grievant   Canary – Warden   Pink – Grievance Committee   Goldenrod – Commissioner (if applicable)



TENNESSEE DEPARTMENT OF CORRECTIONS
AGREEMENT TO PLEAD GUILTY
AND
WAIVER OF DISCIPLINARY HEARING AND DUE PROCESS RIGHTS

B103
2A2/02

Inmate Name: _____ HALL, JOHN _____     TDOC Number: _____ 238941 _____

Having been in violation of the rules as follows:

Disciplinary Docket Number: _____ 1635580 _____

Offenses and Category: _____ FIGHTING _____

_____ CLASS C _____

~~30 DAYS PUNITIVE~~ *time served / verbal warning*

*Guilty per Board 8·20-24*

I admit I violated the above listed rule(s) and agree to plead guilty and accept whatever punishment the disciplinary board may impose. In making this agreement, I understand that I am waiving the following rights:

1 The right to personally appear before the disciplinary board.
2 The right to plead not guilty and to have the case against me proven by a preponderance of evidence.
3 The right to present my own version of the facts.
4 The right to call witnesses in my own behalf.

I am signing this agreement of my own free will and under no threat or coercion to do so. I understand that by signing this agreement, I must accept whatever punishment the disciplinary board may impose and will not be allowed to appeal.

_____          _____
Inmate Signature                              Date
                                                      8·20-24
_____          _____
Staff Witness                                   Date
                                                      8-20-24
Disciplinary Board Chairperson             Date

CR-3171(08/01)          Duplicate as Needed          RDA-1167





Department of
**Correction**

**MEMO**

To: Administrative Lt. Thomas

From: Cpl. S. Ward, RMSI Grievance Chairperson

Date: September 23, 2024

Subject: **Supervisor's Response Requested (CR-3148)**

Grievance: 24-0323/00368708

Grievant: John Hall, #238941                    Unit/Location: 2B102

The inmate listed above has filed a grievance pertaining to your department or area of responsibility. As a result, I need you to complete form CR-3148 with a Supervisor Response that specifically addresses the grievant's concern. You may complete the form electronically and e-mail it to me or complete the enclosed form and mail it back to the Grievance Office.

It is our goal to resolve all grievances at the lowest level possible. I ask that, if possible, please attempt to resolve the complaint with the grievant. If you get the issue resolved, please complete the following steps:

»» Complete the CR-3148, Supervisor Response form. Allow the grievant to review your response.

»» At the bottom of the Inmate Grievance Form (CR-1394), have the grievant check the NO box next to the ' Do you wish to appeal this response?' question.

»» Make sure the grievant signs and dates the CR-1394.

»» You sign the Witness line and return all paperwork to the Grievance Office.

If you are unable to resolve the issue, please complete the enclosed Supervisor's Response (CR-3148) as requested in the instructions at the opening of this memo and return it to the Grievance Office by the listed date.

Thank you for your help.

Department of Correction * Riverbend Maximum Security Institution * 7475 Cockrill Bend Blvd. * Nashville, TN 37243 * 615-350-3361 * tn.gov/Correction

3

 Department of
**Correction**

 **MEMO**

**To:** John Hall, #238941          Unit/Location: 2B102

**From:** Cpl. S. Ward, RMSI Grievance Chairperson

**Date:** September 23, 2024

**Subject:** Inappropriate Grievance Notification

**Grievance:** 24-0323/00368708

Your grievance has been deemed inappropriate to the grievance procedure.
1. Disciplinary matters are inappropriate to the grievance procedure.  (501.01 VI. H.1)
Appeals on disciplinary matters need to be done through the disciplinary process.

 4



Department of
Correction

# TENNESSEE DEPARTMENT OF CORRECTION
## INAPPROPRIATE GRIEVANCE NOTIFICATION

**To:**  John Hall, #238941          **Unit/Location:** 2B102

**From:**  Cpl. S. Ward, RMSI Grievance Chairperson

**Date:**  September 23, 2024

**Subject:**  Inappropriate Grievance

---

This grievance is inappropriate to the grievance procedure. Your grievance is being returned to you for one or more of the following reasons:

1. Disciplinary matters are inappropriate to the Grievance Procedure. [Policy #501.01 VI.(H)(1)]
2. Appealing decisions or actions of any agency outside the Tennessee Department of Correction (TDOC) is inappropriate to Grievance Procedure. [Policy #501.01 VI.(H)(2)]
3. Classification matters/institutional placement are inappropriate to Grievance Procedure. [Policy #501.01 VI.(H)(3)]
4. Appealing or seeking review of sentence credits. [Policy #501.01 VI.(H)(4)]
5. Grievance Procedure cannot award monetary compensation for injuries or property loss. [Policy #501.01 VI.(H)(5)]
6. Addressing questions regarding sentence structures. [Policy #501.01 VI.(H)(6)]
7. Visitor's behavior which results in disciplinary action. [Policy #501.01 VI.(H)(7)]
8. A diagnosis by medical professionals and medical co-pay is inappropriate. [Policy #501.01 VI.(H)(8)]
9. Security Threat Group (STG) Placement. [Policy #501.01 VI.(H)(9)]
10. Mail rejection. [Policy #501.01 VI.(H)(10)]
11. You have already filed a grievance on this issue. Inmates shall not be permitted to submit more than one grievance arising out of the same or similar incident. [Policy #501.01 VI.(I)(1)]
12. Abuse of Grievance Procedure. You can only have one grievance pending at Level 1 for review. [Policy #501.01 VI.(I)(2)]
13. Profanity, insults, and racial slurs, unless an alleged direct quote of another party, shall not be permitted. Threats may result in disciplinary action. [Policy #501.01 VI.(I)(3)]
14. Grievances must be filed within seven calendar days of the occurrence giving rise to the grievance. A complaint shall not address multiple issues. [Policy #501.01 VI.(C)(1)]

---

This grievance is unable to be processed due to you not following policy. Grievance forms not properly completed or containing insufficient information for processing shall be returned to the inmate with instructions as to proper completion. [Policy #501.01 VI.(C)(1)] Your grievance is being returned to you for the following reason(s):

1. No specific details (i.e. dates, times, names of persons involved as mandated in *Inmate Grievance Handbook*, Page 7, First Level of Review.)
2. You did not: a) Sign and date, and or b) state your "Requested Solution".
3. Grievance shall be submitted on Form CR-1394 pages 1 and 2. All copies must be legible and intact. [Policy #501.01 VI.(C)(1)]
4. _____

**REMINDER:** You have seven (7) calendar days *from the date the incident occurred* to submit a grievance. If you are still interested in filing this grievance, please make the necessary corrections and return to grievance office for further processing immediately. *If you would like to appeal this response, sign the bottom of your grievance, check "yes" then date it and place (with this coversheet) back in the grievance box.* If you have any questions regarding this memo, please have your Unit Officer contact me at Ext. #### to schedule an appointment. TDOC Policies and Procedures are available in the library.

Cpl. S. Ward, Grievance Chairperson, RMSI

CR 3689                    Duplicate as Needed                    RDA 2244

 **Department of
Correction**

 MEMO

| | | |
|---|---|---|
| **To:** | John Hall, #238941 | Unit/Location: 2B102 |
| **From:** | Cpl. S. Ward, RMSI Grievance Chairperson | |
| **Date:** | October 1, 2024 | |
| **Subject:** | **Supervisor's Response to Grievance** | |
| **Grievance:** | 24-0323/00368708 | |

Enclosed you will find a copy of your grievance with the ORIGINAL FIRST PAGE of inmate Grievance' form CR-1394. Please review this form which includes the supervisor's response and if you would like to appeal, check (YES) or, if you don't want to appeal, check (NO). You must complete the CR-1394 by including your signature and date at the bottom where it indicates 'Grievant' and 'Date'.

Please note: If you fail to return the ORIGINAL CR-1394 signed, dated, and the (Yes) or No box checked, we will make a second attempt to contact you in regards to this grievance. If, after the second attempt, you still fail to respond, this grievance will be resolved due to failure of the grievant to participate in the grievance process.





TENNESSEE DEPARTMENT OF CORRECTION
RESPONSE OF SUPERVISOR OF GRIEVED EMPLOYEE OR DEPARTMENT

DATE: 9/23/2024

Please respond to the attached grievance, indicating any action taken.
Date Due: 9/30/2024

24-0323/00368708          Hall, John          238941
Grievance Number          Inmate Name          TDOC ID

This grievance should be deemed inappropriate based on not following proper protocol of appeal process through disciplinary issues

_____  Lt Thomas          9/30/24
SIGNATURE          DATE

White - Inmate Grievant    Canary – Warden    Pink – Grievance Committee    Goldenrod – Commissioner

CR-3148 (Rev 2/21)

RDA 2244

7

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| JON HALL #238941 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAPITAL CASE |
| v. | ) | |
| | ) | |
| TONY PARKER, | ) | |
| et al., | ) | No. 3:19-cv-00628 |
| | ) | JUDGE TRAUGER |
| | ) | |
| Defendants. | ) | |

## MOTION FOR EMERGENCY STATUS CONFERENCE

By and through his court-appointed guardian ad litem and counsel, Jon Hall ("Mr. Hall") hereby moves this Court for an emergency status conference and order to enforce the settlement agreement in this matter, on account of repeated breaches of that agreement by the Tennessee Department of Corrections ("TDOC").

Following a *pro se* complaint, this Court appointed the undersigned counsel for Mr. Hall (DE 8), who investigated the conditions of his confinement and brought a lawsuit on his behalf arguing that Mr. Hall was both subjected to cruel and unusual punishment under the Eighth Amendment and deprived of due process under the Fifth and Fourteenth Amendments by officials at TDOC. (DE 45.) Following three years of litigation, the parties resolved the lawsuit with a settlement agreement that:

> (a) Involved substantial changes to TDOC policies to end the use of solitary confinement by arranging for significantly more time out of cell and opportunities to interact with other inmates, as well as substantially less time in restricted custody for inmates charged with disciplinary infractions;

8

(b)     Required TDOC to consider an inmate's mental health when subjecting them to

restricted custody; and

(c)     Implemented - and required TDOC to continue - an individualized treatment plan

for Mr. Hall in light of his documented mental health limitations, as confirmed by expert

witnesses in this matter.

(DE 123-1.) The agreement further provided that TDOC would inform Mr. Hall's guardian ad litem and counsel of any changes to his level status, provided for this Court to retain jurisdiction and for Mr. Hall's counsel to retain standing to protect Mr. Hall from any breaches by TDOC, and provided that Mr. Hall's counsel has a contractual right to attorney's fees if forced to enforce the settlement agreement. (*See id.*) On April 11, 2022, this Court dismissed this case but retained jurisdiction to enforce the settlement agreement. (DE 124.)

Now, Mr. Hall seeks an emergency status conference with this Court because TDOC has repeatedly breached the agreement in multiple ways. TDOC has also failed to provide the requisite documentation to justify its actions and has refused to rectify the situation. Specifically:

(1)     On or about July 31, 2024,[1] Mr. Hall was attacked by another inmate. TDOC

immediately took away Mr. Hall's privileges and changed his level status, and he has been

in restricted custody since that moment.

(2)     Mr. Hall's counsel and guardian ad litem were not informed of this change in level

status. Rather, they learned of the above developments only because Mr. Hall contacted

them. This is a direct violation of the settlement agreement. (*See* DE 123-1, pg. 5, ¶ 19.)

---

[1] Counsel is uncertain of the exact date because records are scant and the story from Mr. Hall, who says the incident took place July 23, is inconsistent with TDOC's story.

2

(3)     Mr. Hall insists that he told TDOC they needed to inform his counsel, yet TDOC failed to do so. Then, having failed to inform counsel as required, TDOC held a hearing at which neither Mr. Hall nor his counsel was present.

(4)     Once Mr. Hall's counsel reached out to TDOC and its counsel, they finally received some documentation. That documentation suggests that Mr. Hall was initially punished by being placed in restrictive custody for the infraction of "fighting" for 30 days.[2] Yet, TDOC inexplicably has put Mr. Hall into restrictive custody for six months.[3] According to the evidence and expert opinions obtained in this matter, six months of restrictive custody is inevitably causing further deterioration of Mr. Hall's mental condition and additional suffering. Counsel has pointed out that the six-month penalty is far in excess of normal punishment standards and is causing significant harm to Mr. Hall, but TDOC has refused to change Mr. Hall's status.

(5)     The documents provided by TDOC show no evidence whatsoever that TDOC considered Mr. Hall's mental health before putting him into restrictive custody.[4] This is an express violation of the settlement agreement and TDOC policy. Counsel has informed TDOC of its express violation, yet TDOC has refused to release Mr. Hall or to otherwise rectify the situation.

(6)     Furthermore, Mr. Hall insists he is innocent because he was attacked by the other inmate. Counsel has a sworn affidavit from another inmate confirming Mr. Hall's story.

---

[2] See disciplinary records attached hereto as Exhibit A.

[3] See August 27, 2024 email from TDOC's counsel to undersigned counsel, attached hereto as Exhibit B.

[4] See discipline incident summary attached hereto as Exhibit C.

3

Counsel has shared this evidence with TDOC, but TDOC has continued to refuse to release Mr. Hall.

(7)     As of this filing, and despite repeated requests from counsel, TDOC has failed to provide adequate documentation of Mr. Hall's mental health status. To the extent any evidence has been provided, it suggests that TDOC is in further breach of the settlement agreement. For example, one mental health record notes that, at one point following the settlement agreement, the mental health physicians went *three months* without seeing Mr. Hall.[5] But the settlement agreement requires that Mr. Hall have individual therapy out of his cell twice a week and a daily check-in with behavioral health staff. (DE 123-1, pg. 4, ¶ 15.) Needless to say, seeing Mr. Hall every three months is far from the twice-a-week guarantee that TDOC promised when it entered into the settlement agreement.

Put simply, as of the time of this filing, Mr. Hall has now served almost 60 days in restrictive custody for an infraction that he likely did not commit, for which punishment was instituted without any consideration of his very precarious mental health, and for which TDOC apparently failed to treat.

Given these circumstances, counsel have been pushing TDOC for weeks to provide adequate documentation, to release Mr. Hall out of restrictive custody and back to an A-level, and to provide a documented plan to actually provide the individualized mental health treatment required by the settlement agreement. TDOC has failed to do so. Accordingly, counsel is left with no choice but to seek relief from this Court. Every day Mr. Hall remains in restricted custody and

---

[5] Contemporaneously with this motion, undersigned counsel is filing a Motion for Leave to File Document Under Seal, which seeks permission to file an individual psychiatry session progress record, received by undersigned counsel on September 20, 2024, under seal as <u>Exhibit D</u>. Counsel will submit this record to the Court following the resolution of that motion.

4

does not receive mental health treatment is another day that his already precarious mental health further declines.

Among other ways, TDOC appears to have breached the settlement agreement by: (a) failing to inform Mr. Hall's counsel and guardian of his level change (*see* DE 123-1, ¶ 15, ¶ 19), (b) failing to provide the individualized mental health treatment plan for Mr. Hall (*see* DE 123-1, ¶ 15), and (c) failing to consider Mr. Hall's mental health when placing him in restrictive custody (*see* DE 123-1, pg. 10). Unless different documentation is later provided to contradict what has been provided to Mr. Hall's counsel, these violations are evident on the face of TDOC's own documents and do not need further proof.

Therefore, counsel asks that this Court convene a status conference at the earliest possible opportunity so that the parties and the Court can address the best steps forward. For example, this is a simple breach of contract action, which this Court has retained jurisdiction to enforce. Does this Court wish for Mr. Hall's counsel for file a new complaint, or shall this be handled via motion and a memorandum? Is limited discovery needed, and of what scope, and how fast can that be obtained? Related to that, Mr. Hall's counsel desires a court order that he should be released back to Level A immediately and begin to immediately receive the individualized mental health treatment promised under the settlement agreement. Every day that Mr. Hall remains in restrictive custody – which, again, appears to be unjustified on multiple metrics – causes further erosion to his mental health.

The remedy for a breach of contract is monetary damages. TDOC has materially breached its contract with Mr. Hall. Counsel believes that a jury trial – which should be limited to damages, because the breaches are unquestioned – is appropriate. Further, counsel has incurred over $20,000 in legal fees assisting Mr. Hall with this issue, none of which should have been necessary had

5

12

TDOC simply kept its contractual obligations. The settlement agreement entitles counsel to their attorney's fees when they are forced to enforce the agreement. (DE 123-1, pg. 6, ¶ 21.) Counsel seeks an award of their attorney's fees.

These and any issues TDOC may wish to raise are all ripe for this Court's immediate consideration. Counsel believes this will be best achieved via a status conference and respectfully requests that this Court order that such a conference take place at the earliest possible opportunity.[6]

Respectfully submitted,

/s/ Eric G. Osborne
William L. Harbison (#7012)
Eric G. Osborne (#29719)
Alice E. Haston (#38708)
Micah N. Bradley (#38402)
SHERRARD ROE VOIGT & HARBISON, PLC
1600 West End Avenue, Suite 1750
Nashville, Tennessee 37203
(615) 742-4200
bharbison@srvhlaw.com
eosborne@srvhlaw.com
ahaston@srvhlaw.com
mbradley@srvhlaw.com

*Counsel for Plaintiff*

/s/ Bradley A. MacLean (by EGO w/p)
Bradley A. MacLean
1702 Villa Place
Nashville, Tennessee 37212

*Guardian Ad Litem for Plaintiff*

---

[6] Pursuant to Local Rule 7.01(a), undersigned counsel has conferred with counsel for TDOC about this motion. TDOC does not object to having a status conference with this Court and has stated that they could be available for such a status conference via telephone as early as this afternoon or tomorrow. Alternatively, counsel could be available for an in-person status conference next week. Undersigned counsel is agreeable to either approach. Further, as of the time of the filing of this motion, undersigned counsel understands that TDOC is considering a potential change to Mr. Hall's level status. In the event that such a change occurs prior to the parties' status conference, undersigned counsel will notify the Court.

6

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Motion for Emergency Status Conference has been served upon all counsel of record by operation of this Court's CM/ECF system and/or electronic mail on September 24, 2024.

Dawn Jordan
Office of the Tennessee Attorney General
UBS Building, 18th Floor
315 Deaderick Street
Nashville, Tennessee 37243
dawn.jordan@ag.tn.gov

*Counsel for Defendants*

*/s/ Eric G. Osborne*

7



TENNESSEE DEPARTMENT OF CORRECTION
D I S C I P L I N A R Y   C O N T I N U A T I O N

Page _____ of _____ Pages

DATE: 8-10-2024

DISCIPLINARY NUMBER: 1635580

NAME (LAST) (14 characters)

| HALL |

FIRST (10 characters)

| JOHN |

MI

TDOC ID: 00238941

ATTACH TO: _____ BIO1DO26 _____ CR-1833 ☒ CR-1834

OFFENDER WAS HELD IN ABSENTIA FOR HIS UNWILLINGNESS TO PARTICIPATE IN HIS HEARING.
HE WAS FOUND GUILTY BY A CLASS(A) DISCIPLINARY BOARD DUE TO THE PREPONDERANCE
OF EVIDENCE.

_____
Signature of Reporting Employee

_____
Date

_____
Inmate Signature

_____
Date

CR-1831 (Rev. 01-22)          White-Institutional File          Canary & Pink-Inmate          RDA – 11085





### TENNESSEE DEPARTMENT OF CORRECTIONS
### AGREEMENT TO PLEAD GUILTY
### AND
### WAIVER OF DISCIPLINARY HEARING AND DUE PROCESS RIGHTS

*B103*
*2/12/02*

Inmate Name: _____ HALL, JOHN _____ TDOC Number: _____ 238941 _____

Having been in violation of the rules as follows:

Disciplinary Docket Number: _____ 1635580 _____

Offenses and Category: _____ FIGHTING _____

_____ CLASS C _____

~~30 DAYS PUNITIVE~~ *Fine Forced/Verbal warning*

*Guilty per Board* *8·20·24*

I admit I violated the above listed rule(s) and agree to plead guilty and accept whatever punishment the disciplinary board may impose. In making this agreement, I understand that I am waiving the following rights:

      1 The right to personally appear before the disciplinary board.
      2 The right to plead not guilty and to have the case against me proven by a
         preponderance of evidence.
      3 The right to present my own version of the facts.
      4 The right to call witnesses in my own behalf.

I am signing this agreement of my own free will and under no threat or coercion to do so. I understand that by signing this agreement, I must accept whatever punishment the disciplinary board may impose and will not be allowed to appeal.

_____
Inmate Signature

Date
8-20-24

_____
Staff Witness

_____
Disciplinary Board Chairperson

Date
8-20-24

Date

CR-3171(08/01)           Duplicate as Needed           RDA-1167

16

**From:** Dawn Jordan <Dawn.Jordan@ag.tn.gov>
**Sent:** Tuesday, August 27, 2024 3:01 PM
**To:** Eric Osborne <EOsborne@srvhlaw.com>
**Subject:** Jon Hall

Good afternoon, Eric! I just got information from TDOC about the Jon Hall assault disciplinary matter. Both Mr. Hall and the other inmate were placed on Level B for 6 months because of the disciplinary charge. I will keep a lookout on it and make sure that this does not get out of hand again.

Also, TDOC General Counsel email is Jen.Brenner@tn.gov.

I hope you have a great afternoon.

**Dawn Jordan** | Special Counsel
Office of the Tennessee Attorney General
UBS Building, 18th Floor
315 Deaderick Street, Nashville, TN 37243
Mailing Address:
P.O. Box 20207, Nashville, TN 37202
(615) 741-6440
Dawn.Jordan@ag.tn.gov



1



## *Incidents*



Links    Suspend ☐

Site ID  RMSI    Riverbend Maximum Security Institution         Incident ID  01630580

Reset key fields

Inquire          **Detail**          Description          **Persons Involved**

Add             **Incident Date**    07/31/2024        **Incident Time**    12:13 PM

Modify          **Reported by Staff ID**    STEVCH03    **Stevens, Charles**

Delete          **Prepared by Staff ID**    STEVCH03    **Date**    07/31/2024

Description

UPON FURTHER REVIEW OF THE VALERUS CAMERA SYSTEM, IT WAS CONFIRMED ON
JULY 29, 2024, AT 1213 PM THAT INMATE JOHN HALL #236941 ASSIGNED TO
UNIT 2, ALPHA POD, CELL 210 AND TONY CARRUTHERS #139604 ASSIGNED TO
UNIT 2, ALPHA POD, CELL 205 WERE OBSERVED FIGHTING ON THE TOP TIER OF
UNIT 2, ALPHA POD, ACCIDENT / INJURY / TRAUMA (AIT) REPORT WAS
COMPLETED BY LICENSED PRACTICAL NURSE (LPN) MOLLY TROTTER. INMATES
HALL AND CARRUTHERS ARE CHARGED WITH FIGHTING. REVIEWED AND APPROVED
BY CAPTAIN ROBERT MOSLEY.

FindPath      Go       **Bottom Of List**



# Disciplinary

Links    Suspend ☐

TOMIS ID   00238941    Hall, John                         Status  ACTV   Location  RMSI

Disciplinary        Sentence        Appeal

Reset key fields

Inquire

Refresh

Modify

Delete

Request

FastPath

| | | |
|---|---|---|
| Incident ID | 01635680 | Incident Date | 07/31/2024 |
| Site ID | RMSI  Riverbend Maximum Security Institution | | |
| Disclp Date | 08/21/2024 | Disclp Time | 03:10 PM |
| Class ID Number | | Section ID | |
| Position ID | | Disciplinary Class | B |
| Refused to Sign Date | | Job Code | |
| Weapon Used | | Level of Violence | Physical, no weapons |

Posted by Staff ID   STEVCH03   Stevens, Charles

Infraction Type   Fighting

Offender Advisor
Staff Advisor
Offender Account   Offender Was Held In Absentia For His
Unwillingness To Participate In His Hearing. He
Was Found Guilty By A Class (a) Disciplinary Board
Due To The Preponderance Of Evidence.
Decision ID        GOVAAM01    Govan, Amber
                   GOVAAM01    Govan, Amber
                   GOVAAM01    Govan, Amber

Plea  N        Disposition  Guilty        Disposition Date  08/21/2024

LIBK



# EXHIBIT D:

# TO BE LATE FILED

20

## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| JON HALL #238941 | ) |
| | ) |
| Plaintiff, | ) |
| | )      **CAPITAL CASE** |
| v. | ) |
| | ) |
| TONY PARKER, | ) |
| et al., | )      **No. 3:19-cv-00628** |
| | )      **JUDGE TRAUGER** |
| | ) |
| Defendants. | ) |

## MOTION FOR EMERGENCY STATUS CONFERENCE

By and through his court-appointed guardian ad litem and counsel, Jon Hall ("Mr. Hall") hereby moves this Court for an emergency status conference and order to enforce the settlement agreement in this matter, on account of repeated breaches of that agreement by the Tennessee Department of Corrections ("TDOC").

Following a *pro se* complaint, this Court appointed the undersigned counsel for Mr. Hall (DE 8), who investigated the conditions of his confinement and brought a lawsuit on his behalf arguing that Mr. Hall was both subjected to cruel and unusual punishment under the Eighth Amendment and deprived of due process under the Fifth and Fourteenth Amendments by officials at TDOC. (DE 45.) Following three years of litigation, the parties resolved the lawsuit with a settlement agreement that:

    (a)    Involved substantial changes to TDOC policies to end the use of solitary confinement by arranging for significantly more time out of cell and opportunities to interact with other inmates, as well as substantially less time in restricted custody for inmates charged with disciplinary infractions;

21

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

JON HALL #238941          )
                          )

    Plaintiff,          )

                           )          **CAPITAL CASE**

    v.          )

                           )

**TONY PARKER,**          )

et al.,          )          **No. 3:19-cv-00628**
                           )          **JUDGE TRAUGER**

    Defendants.          )

## MOTION FOR LEAVE TO FILE EXHIBIT UNDER SEAL

By and through his court-appointed guardian ad litem and counsel, Jon Hall ("Mr. Hall") respectfully submits this Motion for Leave to File Exhibit Under Seal (the "Motion") with respect to Exhibit D of the Motion for Emergency Status Conference being filed contemporaneously herewith. Exhibit D is a medical record regarding a psychiatry session between Mr. Hall and one of the TDOC's physicians. Because this exhibit is based upon and contains confidential information concerning Mr. Hall's medical history and treatment, the undersigned counsel respectfully requests this Court's permission to file the document under seal.

WHEREFORE, for the reasons stated herein, Mr. Hall's counsel respectfully requests that the Motion be granted and that Exhibit D of the Motion for Emergency Status Conference being filed contemporaneously herewith be filed under seal.[1]

---

[1] Pursuant to Local Rule 7.01(a), undersigned counsel emailed TDOC's counsel yesterday and asked whether TDOC objected to the filing of this exhibit under seal. As of the time of this filing, counsel for TDOC has not responded.

22

State of Tennessee
Department of Corrections
Riverbend Maximum Security Institution
7475 Cockrill Bend Blvd.
Nashville, Tennessee 37243
(615) 350-3100 ext. 3718

Arny, Capricious, & Illegal   TDOC Policy 502.01 VI 5 F (1) (Pg 18-19 of 36) Dismiss Errors)

Note: See Page [19]

In abstentia is Not in TDOC Policy 502.01 Effective Date March 1, 2022.

Remedy: Void Sgt. Govan's Bogus Conviction Incident ID # 01635580. See e.g. Warden's Duty @ Prisoner's Self-Help Litigation Manual (2010 ed) Page 885 Failure to Correct... Argument...

Key: Where's 1834 Forms? Failure to Correct... E-Mails by U-Mgr Burnette & Sgt Evans Ignored by Sgt. Govan.

✱ Rebuttal Statement: See $ 20,000.00 Error @ Page [12]

FROM: Ton Hall → Grievance #24-0323/00368708

DATE: October 3, 2024   XX Note: Document 160 Order against TDOC!

Ⓧ Nota: ck. Grievance Notes and check U-2 Visitor Log Books Grievance Pick-up! Erratic.

Rebuttal Statement: Warden Nelson has failed to provide adequate training and/or supervision to his correctional officers regarding the imposition of punishment. Warden Nelson has a Non delegable duty and responsibility to Formulate, Oversee, and implement official policies, practices, customs, and procedures to be carried out by the Prison's correctional officer. TCA § 39-11-404 causing 60 days of solitary punishment.

[25] Sgt Govan's Failure to Contact Mr. Hall's Guardian ad litem (Actual Notice) on the Served Disciplinary Incident Report #01635580, Page 2) Demonstrates Sgt. Govan's Egregious behavior of Intentionally breaching a Federal Court order issued to protect Mr. Hall's Rights; was designed to show Mr. Hall that TDOC/CRIST employees are protected from the application of the laws used to enforce the law by the Executive Branch and therefore can break the law with impunity. Grieved Orally to each Staff Member Hall Comes into Contact (and expressed) to the Prison Religious Volunteers - So they could See the Egregious Constitutional Rights Violations Supposed to be Governed by Federal Court. Judge Aleta Trauger who claims that Mr. Hall is incompetent to make his own decisions even though only the State of Tennessee is Not competent to execute Mr. Hall stemming from a Henderson County Incident, based upon a Madison County Judgment in excess of Authority under Tenn. Const. Art. 1, § 9 without TCA § 20-4-203 Affidavits. Thus, making Tohu Skrmatti liable for the knowing false imprisonment of Hall in violation of TDOC Policy 502.05 VI A § 7L and T.C.A § 39-14-127 and § 39-13-302 based upon a Void Record under T.C.A. 39-11-201 (4)(c), 26-6-104 and TCA 29-21-104, for the Retaliation and official oppression TCA § 39-16-403. Quillen v. Crockett, 928 SW2d @ 57 (Tenn 1995) (vindictive oppression - DA's duty). See Public Records Hall v. Trump 3:19-cv-00628, Document of Evidence, 153, 153-1, and 153-2. Violations of Procedural Due Process...

The State of Tennessee has No integrity and needs investigated by the Department of Justice and the International World Court to strip the State of its corruptly obtained Sovereignty, these Actors willfully ignore... Show Me Venue Change Affidavits A precondition precedent for Lawful Authority of Madison Co. Judgment! [23]

```
OFFENDER NAME:  HALL, JOHN
TOMIS ID:  00238941
INSTITUTION NAME:  RIVERBEND MAXIMUM SECURITY INSTITUTION
UNIT ID:  2B1
CELL ID:  02


INCIDENT
    INCIDENT ID:  01635580
        INCIDENT DATE:  07/31/2024          INCIDENT TIME:  12:13:00
        INCIDENT TYPE:  FIGHTING
        DISCIPLINARY CLASS:
        INFRACTION TYPE:  FIGHTING
        WEAPON USED:  NO WEAPON
        VIOLENCE COMMITTED:  PHYSICAL, NO WEAPONS
        PREPARED BY STAFF ID:  STEVCH03
        REPORTED BY STAFF ID:  STEVCH03

WITNESSES/VICTIMS/PERSONS INVOLVED
    PERSON ID:  STEVCH03
        PERSON TYPE:  S
        INJURED (Y/N):  N
    PERSON ID:  00139604
        PERSON TYPE:  O
        INJURED (Y/N):  N
    PERSON ID:  00238941
        PERSON TYPE:  O
        INJURED (Y/N):  N
```

24

5 e 7 f
1 9 5 f

BI01MGL     TENNESSEE DEPARTMENT OF CORRECTION  DATE: 08/09/2024
RMSI          T O M I S       TIME: 07:20
WICHCH01      DISCIPLINARY REPORT     PAGE: 02

TOMIS ID: 00238941   INCIDENT ID: 01635580
OFFENDER NAME: HALL, JOHN

DESCRIPTION:
 UPON FURTHER REVIEW OF THE VALERUS CAMERA SYSTEM, IT WAS CONFIRMED ON
 JULY 29, 2024, AT 1213 PM THAT INMATE JOHN HALL #238941 ASSIGNED TO
 UNIT 2, ALPHA POD, CELL 210 AND TONY CARRUTHERS #139604 ASSIGNED TO
 UNIT 2, ALPHA POD, CELL 205 WERE OBSERVED FIGHTING ON THE TOP TIER OF
 UNIT 2, ALPHA POD. ACCIDENT / INJURY / TRAUMA (AIT) REPORT WAS
 COMPLETED BY LICENSED PRACTICAL NURSE (LPN) MOLLY TROTTER. INMATES
 HALL AND CARRUTHERS ARE CHARGED WITH FIGHTING. REVIEWED AND APPROVED
 BY CAPTAIN ROBERT MOSLEY. *I want Investigation Report on OSM system*

PREPARED BY STAFF ID: STEVCH03 STEVENS, CHARLES
REPORTED BY STAFF ID: STEVCH03 STEVENS, CHARLES

I HAVE BEEN GIVEN A COPY OF THIS REPORT AND HAVE BEEN TOLD ABOUT MY LIMITED
RIGHT TO REMAIN SILENT AND TO BE REPRESENTED BY AN OFFENDER ADVISOR.

_____   _8/11/24_   _7:54_
OFFENDER SIGNATURE     DATE/TIME
HALL, JOHN          00238941

OFFENDER WAS GIVEN COPY OF REPORT AND ADVISED OF RIGHTS BUT REFUSED TO
SIGN REPORT.

_D.A. O'Lawrence_    _8-11-24  1954_
EMPLOYEE INITIALS, IF REPORTING  DATE/TIME
EMPLOYEE; OTHERWISE, FULL NAME.

*See Attached: Necessary and Proper*
      *Encounter with Tony Carruthers #139604*
      *Two pages.*

*Note: I was __not__ provided with Notice of an extended*
  *Pending Investigation pursuant to TDoc Policy 502.01*
 ① *I want records of the Offender Mgmt. System.*
 ② *I want a video tape of U-2-A-208 of the*
  *incident while under Surveillance*
 ③ *I want TDOC confirmation of contacting*   **25**
  *My Guardian Ad Litem, as per Settlement Agreement*
  *Doc 123-1 Hall v. Trump, 3:19-cv-00628 W/in 5 days.*

TOMIS ID:  00238941        INCIDENT ID:  01635580
OFFENDER NAME:  HALL, JOHN

_STEVCH03_                                  8/9/24
REPORTING OFFICIAL                          DATE/TIME

_STEVCH03_                                  8/9/24
PREPARED BY                                 DATE/TIME

_Robert Wolf_                               8/9/24  1520
REVIEWING DESIGNATED SUPERVISOR             DATE/TIME

IF PLACED IN SEGREGATION:


SENIOR SECURITY OFFICER                     DATE/TIME


WARDEN (SEGREGATION PENDING INVESTIGATION)  DATE/TIME

26



**Department of Correction**

## TENNESSEE DEPARTMENT OF CORRECTION
## INAPPROPRIATE GRIEVANCE NOTIFICATION

**To:**      John Hall, #238941          **Unit/Location: 2B102**

**From:**     Cpl. S. Ward, RMSI Grievance Chairperson

**Date:**      September 23, 2024

**Subject:**    Inappropriate Grievance

---

**This grievance is inappropriate to the grievance procedure.** Your grievance is being returned to you for one or more of the following reasons:

1. Disciplinary matters are inappropriate to the Grievance Procedure. [Policy #501.01 VI.(H)(1)]
2. Appealing decisions or actions of any agency outside the Tennessee Department of Correction (TDOC) is inappropriate to Grievance Procedure. [Policy #501.01 VI.(H)(2)]
3. Classification matters/institutional placement are inappropriate to Grievance Procedure. [Policy #501.01 VI.(H)(3)]
4. Appealing or seeking review of sentence credits. [Policy #501.01 VI.(H)(4)]
5. Grievance Procedure cannot award monetary compensation for injuries or property loss. [Policy #501.01 VI.(H)(5)]
6. Addressing questions regarding sentence structures. [Policy #501.01 VI.(H)(6)]
7. Visitor's behavior which results in disciplinary action. [Policy #501.01 VI.(H)(7)]
8. A diagnosis by medical professionals and medical co-pay is inappropriate. [Policy #501.01 VI.(H)(8)]
9. Security Threat Group (STG) Placement. [Policy #501.01 VI.(H)(9)]
10. Mail rejection. [Policy #501.01 VI.(H)(10)]
11. You have already filed a grievance on this issue. Inmates shall not be permitted to submit more than one grievance arising out of the same or similar incident. [Policy #501.01 VI.(I)(1)]
12. Abuse of Grievance Procedure. You can only have one grievance pending at Level 1 for review. [Policy #501.01 VI.(I)(2)]
13. Profanity, insults, and racial slurs, unless an alleged direct quote of another party, shall not be permitted. Threats may result in disciplinary action. [Policy #501.01 VI.(I)(3)]
14. Grievances must be filed within seven calendar days of the occurrence giving rise to the grievance. A complaint shall not address multiple issues. [Policy #501.01 VI.(C)(1)]

---

**This grievance is unable to be processed due to you not following policy.** Grievance forms not properly completed or containing insufficient information for processing shall be returned to the inmate with instructions as to proper completion. [Policy #501.01 VI.(C)(1)] Your grievance is being returned to you for the following reason(s):

1. No specific details (i.e. dates, times, names of persons involved as mandated in *Inmate Grievance Handbook*, Page 7, First Level of Review).
2. You did not: a) Sign and date, and or b) state your "Requested Solution".
3. Grievance shall be submitted on Form CR-1394 pages 1 and 2. All copies must be legible and in tact. [Policy #501.01 VI.(C)(1)]
4. _____

**REMINDER:** You have seven (7) calendar days *FROM THE DATE THE INCIDENT OCCURRED* to submit a grievance. If you are still interested in filing this grievance, please make the necessary corrections and return to grievance office for further processing immediately. *If you would like to appeal this response, sign the bottom of your grievance, check "yes" then date it and place (with this coversheet) back in the grievance box.* If you have any questions regarding this memo, please have your Unit Officer contact me at Ext. #### to schedule an appointment. TDOC Policies and Procedures are available in the library.

Cpl. S. Ward, Grievance Chairperson, RMSI

 Department of Correction

**MEMO**

**To:**      John Hall, #238941          Unit/Location: 2B102

**From:**    Cpl. S. Ward, RMSI Grievance Chairperson

**Date:**    September 23, 2024

**Subject:** **Inappropriate Grievance Notification**

**Grievance:** 24-0323/00368708

Your grievance has been deemed inappropriate to the grievance procedure.
1. Disciplinary matters are inappropriate to the grievance procedure.  (501.01 VI. H.1)
Appeals on disciplinary matters need to be done through the disciplinary process.

Department of Correction * Riverbend Maximum Security Institution * 7475 Cockrill Bend
Blvd. * Nashville, TN 37243 * 615-350-3361 * tn.gov/Correction

Z8

 Department of
**Correction**

# MEMO



**To:** John Hall, #238941          Unit/Location: 2B102

**From:** Cpl. S. Ward, RMSI Grievance Chairperson

**Date:** October 22, 2024

**Subject:** Warden's and Supervisor's Response to Grievance

**Grievance:** 24-0323/00368708

Enclosed you will find a copy of your grievance with the ORIGINAL 'Inmate Grievance Response' form CR-1393. Please review this form which includes the warden' response and, if you would like to appeal, check (YES) or, if you don't want to appeal,check (NO). You must complete the CR-1393 by including your signature and date at the bottom where it indicates 'Grievant' and 'Date'.

Please note: if you fail to return the ORIGINAL CR-1393 signed, dated, and the (Yes) or (No) box checked, we will make a second attempt to contact you in regards to this grievance. If, after the second attempt, you still fail to respond, this grievance will be resolved due to failure of the grievant to participate in the grievance process.

Department of Correction * Riverbend Maximum Security Institution * 7475 Cockrill Bend
Blvd. * Nashville, TN 37243 * 615-350-3361 * tn.gov/Correction



 **Department of**
**Correction**

 MEMO

| | |
|---|---|
| **To:** | Administrative Lt. Thomas |
| **From:** | Cpl. S. Ward, RMSI Grievance Chairperson |
| **Date:** | September 23, 2024 |
| **Subject:** | **Supervisor's Response Requested (CR-3148)** |
| **Grievance:** | 24-0323/00368708 |

**Grievant:**  John Hall, #238941                Unit/Location: 2B102

The inmate listed above has filed a grievance pertaining to your department or area of responsibility. As a result, I need you to complete form CR-3148 with a Supervisor Response that specifically addresses the grievant's concern. You may complete the form electronically and e-mail it to me or complete the enclosed form and mail it back to the Grievance Office.

It is our goal to resolve all grievances at the lowest level possible. I ask that, if possible, please attempt to resolve the complaint with the grievant. If you get the issue resolved, please complete the following steps:

»» Complete the CR-3148, Supervisor Response form. Allow the grievant to review your response.

»» At the bottom of the Inmate Grievance Form (CR-1394), have the grievant check the NO box next to the ' Do you wish to appeal this response?' question.

»» Make sure the grievant signs and dates the CR-1394.

»» You sign the Witness line and return all paperwork to the Grievance Office.

If you are unable to resolve the issue, please complete the enclosed Supervisor's Response (CR-3148) as requested in the instructions at the opening of this memo and return it to the Grievance Office by the listed date.

Thank you for your help.

 30

 Department of
Correction

 MEMO

**To:**        John Hall, #238941                Unit/Location: 2B102

**From:**      Cpl. S. Ward, RMSI Grievance Chairperson

**Date:**      October 1, 2024

**Subject:**   **Supervisor's Response to Grievance**

**Grievance:**   24-0323/00368708

Enclosed you will find a copy of your grievance with the ORIGINAL FIRST PAGE of 'Inmate Grievance' form CR-1394. Please review this form which includes the supervisor's response and, if you would like to appeal, check (YES) or, if you don't want to appeal, check (NO). You must complete the CR-1394 by including your signature and date at the bottom where it indicates 'Grievant' and 'Date'.

Please note: if you fail to return the ORIGINAL CR-1394 signed, dated, and the (Yes) or (No) box checked, we will make a second attempt to contact you in regards to this grievance. If, after the second attempt, you still fail to respond, this grievance will be resolved due to failure of the grievant to participate in the grievance process.

 31



State of Tennessee
Department of Corrections
Riverbend Maximum Security Institution
7475 Cockrill Bend Blvd.
Nashville, Tennessee 37243
(615) 350-3100 ext. 3718

Rebuttal Statement  Grievance # 24-0323/00368708

FROM: Jon Hall #238942

DATE: October 25, 2025

Cover-up / Interference !
I had no other Form of
Remedy = Necessity Grievance.

Rebuttal Statement: This matter was already addressed by Judge Aleta Traugher. See enclosed: Hall v. Trump, D.E. 160, PageID 1928, marked as Grievance Exhibit page [33]. Grievance Exhibit page [9] states in part "TDOC has failed to provide the requisite documentation to justify its actions and refused to rectify the situation."

However, as of October 24, 2024 TDOC/RMSI grievance personnel still refuse to abide to anything agreed upon and ORDERED BY THE COURT made between Mr. Hall's Guardian Ad Litem, Brad Maclean (brad.maclean9@gmail.com), Dawn Jordan (dawn.jordan@ag.tn.gov), & Donna Green (Donna.green@ag.tn.gov), based upon incident #-01635580, for fighting in July, 2024, marked as Grievance Exhibit page [25], (Breached by Sgt. Govan - failure to contact guardian as per agreement). See enclosed: Grievance Exhibit (page [34], signed by U-2 Counselor, S Williamson, "Jon Hall # 238941 disciplinary history from 2018 to 10/24/24 still shows fighting).

Although Warden Nelsen did not commit the due process violations, he became responsible for them when he failed to correct them in the course of his supervisory responsibilities. Hicks v. Frey, 992 F.2d 1450, 1455 (6th Cir. 1993) (Noting an official can be held liable for failure to supervise and control subordinates even though he was not directly involved in the incident and misconduct). This is a textbook argument taken from the Prisoner's Self-help Litigation Manual, page 885 (2010 edition), already cited on page [23].

Here, the Warden's subordinates knowingly and intentionally breached the original settlement agreement, (D.E. 123-1), and constitutes grounds for modification and recision, so that his original action is reinstated, and determined on the merits. (D.E. # 134, PageID # 1513). Thus, the institutional injunction is insufficient to remedy the grievants protected constitutional rights. See e.g. Hook v. Arizona Dep't of Corrections, 107 F.3d 1397, 1403 (9th. Cir. 1997) (Contemptuous defiance of the Court's order constitutes grounds for modification). See also: Warden's (high managerial agents) knowing and willful failure to provide extraordinary relief affirmed 10/16/24, ratifying his subordinates actions, in violation of moral turpitude laws regarding signed orders under T.C.A. § 8-42-103, § 8-42-104, § 8-47-101, and § 39-11-404.

NOTE: Livingston v. Piskor, 215 F.R.D. 84, 86-87 (W.D.N.Y. 2003) (Evidence that grievance personnel refused to process grievances where a disciplinary report had been filed covering the same events precluded dismissal for non-exhaustion.)

Without the CR-1834 Form's, Mr. Hall was denied an opportunity to File a disciplinary appeal in a timely manner or you would Not try to accomadate Me, or my counsel. See TDoc Policy 502.01 3/1/22 Page 29 of 36.

32

JON HALL #238941      )
                    )
    Plaintiff,      )
                    )     No. 3:19-cv-00628
                    )     JUDGE TRAUGER
v.                 )
                    )
TONY PARKER, et al.,    )
                    )     JURY DEMAND
    Defendants.    )

---

## AGREED ORDER

This matter came on for a Status Conference on October 1, 2024. As a result of the conference, the parties agree as follows: The disciplinary board hearing held on August 9, 2024, did not comply with the requirements of the Settlement Agreement of March 25, 2022. As a result, Plaintiff shall be returned to program Level A immediately and will not be further charged for the July 2024 infraction. Beginning January 1, 2025, and every quarter thereafter, Tennessee Department of Correction shall provide Plaintiff's progress notes for the treatment referenced in Paragraph 15 to Plaintiff's attorneys and guardian ad litem. This Order resolves all claims that may have existed under the Settlement Agreement as of this date.

IT IS SO ORDERED, THIS THE __1st__ DAY OF OCTOBER 2024.

ALETA A. TRAUGER
U.S. DISTRICT COURT JUDGE

1

33

## Disciplinary

 

Links    Suspend ☐

TOMIS ID [ 00238941 ]    Job Info.                    Status  AQTV    Location Info.

Reset Revision

Refresh

Enter

| Incident Date | Incident ID | Disc Class | First Infraction Type |
|---|---|---|---|
| 07/31/2024 | 01535680 | B | FIG FIGHTING |
| 04/30/2020 | 01430907 | B | DSP DESTROYING STATE PROPERTY |
| 04/30/2020 | 01430791 | B | DFN **DEFIANCE |
| 04/13/2020 | 01422676 | B | DFN **DEFIANCE |
| 04/15/2020 | 01422681 | B | DSP DESTROYING STATE PROPERTY |
| 12/27/2019 | 01420187 | B | DFN **DEFIANCE |
| 11/26/2019 | 01415988 | B | CON CONTRABAND |
| 11/26/2019 | 01415990 | A | PDW POSSESSION OF DEADLY WEAP |
| 10/30/2018 | 01355928 | B | CON CONTRABAND |

Search [            ]

10/24/24
S. Williamson CC3

Exit

Top Of List

34