IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

RECEIVED
FEB 1 1 2025
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

JON HALL )
)
    Plaintiff, )
)
v. ) Case No: 3:25-cv-00005
)
FRANK STRADA, Commissioner et.al., )
)
    Defendants, )

## MOTION FOR ACCOMIDATION TO FILE COURT RECORDS

Comes now the Plaintiff, Jon Hall, Pro Se., pursuant to Federal Rules of Civil Procedure 44 and respectfully moves this Honorable Court to ORDER the Tennessee Department of Corrections, via the Legal Law Library of the Riverbend Maximum Security Institution or T.D.O.C. Legal to make an accommodation for his future filing of Court Records. In support of this Motion the following will be shown.

    1.) The plaintiff submits that he should be able to refer to the past record[s] of past filing[s] by giving the Case Numbers, Document Numbers in those specific cases as well as listing the Page I.D. Numbers for the easy access, approbation and consideration by the Court when he makes his pleadings. This is not giving the plaintiff an unfair advantage, however, it does, in some small way alleviate the inherent imbalance the plaintiff suffers by his current incarceration.

    2.) The plaintiff submits that this accommodation request would allow for him to access the filings (in the future) by Document Number as well as Page I.D. Number, thus limiting the accumulation of unneeded and unwanted as well as superfluous copies of the documents he is required to refer to in his pleadings. Once again this is not giving the plaintiff an unfair advantage,

1

however, it does, in some small way alleviate the inherent imbalance the plaintiff suffers by his current incarceration.

3.) Currently the T.D.O.C., through the office of the commissioner of corrections has limited inmates in their care and custody to being able to order a total of ten (10) stamps per week. This action, in and of itself has the potential to cause an undue delay in the plaintiffs ability to answer or otherwise comply with court rules concerning any reply he may have to file in response to the defendants motions, requests and/or subsequent pleadings.

4.) The U.S. Federal District Court Rules and Procedures do not take the lack of accommodation of the Tennessee Department of Corrections it imposes on its inmates in the interest of "Security," to be able to adequately and timely comply with the Federal District Rules of Court and Procedures. Some security measures must needs be met and enforced, however, plaintiffs (even the incarcerated) need to be able to avail themselves of the whole plethora of the rules in their filings, especially when they are not licensed, practicing Attorneys of the State who know all of the "Tricks of the Trade" and are given to defendants of State Government free of charge for their representation.

5.) The Riverbend Maximum Security Institution has all of the available secure electronics that would allow incarcerated inmates, such as the plaintiff, the access and ability to be able to file electronically and efficiently pursuant every rule and procedure required by the Federal Rules of Civil Procedure. The following is a common-sense suggestion that would encompass any and all security concerns of the T.D.O.C.;

(A) In granting the motion of the plaintiff requesting a computer, purchased with his own funds, with all of the internet capability taken from the machine by factory representatives from "Best Buy" also known as the "Geek Squad" to where the computer the plaintiff would possess

will be a "Word processor" with storage capacity and capability. It has already been a proven fact, that security of electronics of this nature is not only possible but approved by a Federal District Judge. (See Motion for Computer Access; ORDER).

B.) The Law Library located in building 2A at the Riverbend Maximum Security Institution, has in the office of the Correctional Officer in charge of the building a computer which has access to the internet. (Access is subject to specific officers and is strictly controlled by M.I.S. in its allowable usage).

C.) The plaintiff requests an ORDER be given to M.I.S. as well as the Riverbend Maximum Security Institution to; Obtain a proper IT address for its computer located in Building 2A in order to be able to electronically file and (ACCEPT) electronically filed documents from the State of Tennessee Attorney Generals Office as well as this Honorable Court; any type of communication between the parties could be met on equal terms with security still intact.

(i) The officer in building 2A would be in charge of sending and receiving the electronically filed information. (Any documents filed to the State Attorney General's office as well as to this Honorable Court will in fact be Documents of Public Record – so there is no possible – exposure or violation of any Attorney/Client privileged information complaint.)

(ii) This service would only be available to [inmates] who have an active case number in which a colorable claim has already been adjudicated; (not used to file frivolous suits).

(iii) This requested ORDER would allow the plaintiff to comply with the Tennessee Department of Corrections Policy concerning his private and [LEGAL] property he is allowed in his cell, without depriving the plaintiff of his access to the Courts. (See Motion for Computer Access; T.D.O.C. Policy.)

3

(iv) As of the date of this request, there is still no procedure, process, and/or protocol for the plaintiff to be able to have free, complete and/or total access to his legal materials which are at this time, being withheld by the very individuals who the plaintiff has a disagreement with and are listed defendants in this above styled action.

Wherefore, the plaintiff moves this Honorable Court to ORDER the Tennessee Department of Corrections to accommodate the plaintiff's needs which are meant to be able to comply with the Federal District Court's policies, procedures and rules.

Respectfully submitted,

*Jon Hall*
Jon Hall #238941
R.M.S.I. Unit 2
7475 Cockrill Bend Blvd.
Nashville, Tennessee 37209

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been sent via U.S. Mail, postage prepaid; to the office of the Attorney General for the State of Tennessee, P.O. Box 20207, Nashville, Tennessee 37202-0207, this the 7th day of February 2025.

*Jon Hall*
Jon Hall #238941
R.M.S.I. Unit 2
7475 Cockrill Bend Blvd.
Nashville, Tennessee 37209

Jon Hall # 238941
RMSI U-2-B-110
7475 Cockrill Bend Blvd.
Nashville, Tennessee 37209-1048

LEGAL MAIL

Office of the Clerk
U.S. Federal Courthouse
719 Church Street, Suite 1300
Nashville, Tennessee 37203

RECEIVED
FEB 11 2025
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

NASHVILLE TN 370
7 FEB 2025 PM 4 L

RECEIVED
FEB -5 2025
RMSI MAILROOM
OUTGOING LEGAL

37203-706525

The Dept of Corrections/RMSI HAS NOT inspected nor censored and is not responsible for the ...

2:24 PM 2/6/25 B-Pod MailBox